IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PATRICIA GUNTER<br>    Plaintiff,<br>VS.<br><br>SHOKIR SAFARMAMADOV; AND<br>ZNS CARGO, INC.<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PATRICIA GUNTER, ("Plaintiff") and files this Original Complaint against Shokir Safarmamadov ("Safarmamadov") and ZNS Cargo, Inc. ("ZNS Cargo") (collectively "Defendants"). Plaintiff reserves the right to replead if new claims and issues arise upon further development of the facts, as permitted by law. In support thereof Plaintiff would respectfully show this Court the following:

### I.   JURISDICTION & VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 insofar as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

2. Venue is proper in this Court pursuant to 28 USCA §1392(b)(2) because a substantial part of the events or omissions giving rise to this claim, namely the subject motor vehicle accident, occurred within this Judicial District.

### II.   PARTIES

3. Plaintiff, Patricia Gunter, is residing and domiciled in the Parish of Washington, State of Louisiana.

4. Defendant Shokir Safarmamadov, ("Safarmamadov"), is a person of the full age of majority doing business in the State of Texas and domiciled in the State of New York. Defendant Safarmamadov can be served with process at 9946 62nd Dr., Flushing, New York 11374 or wherever he may be found.

5. Defendant ZNS Cargo, Inc., ("ZNS Cargo"), is a foreign corporation doing business in the State of Texas and domiciled in the State of Illinois. Defendant ZNS Cargo can be served with process at 10805 Cook Ave, Oak Lawn, Illinois 60453 or wherever they may be found.

### III.   STATEMENT OF FACTS:

6. On or about March 19, 2019, a motor vehicle accident occurred on U.S. Highway 77 in Brownsville, Texas.

7. Specifically, Gunter was operating her vehicle reasonably and prudently when her vehicle was suddenly and violently struck by a vehicle owned by ZNS Cargo and operated with permission by Safarmamadov. Safarmamadov disregarded the laws of the State of Texas for safely operating a motor vehicle. Safarmamadov, while on the roadway, placed his vehicle in reverse causing a violent collision with Plaintiff's vehicle and Safarmamadov's towed vehicle.

8. At the time of the accident, Safarmamadov was working in the course and scope of his employment with ZNS Cargo, and was operating a vehicle owned by ZNS Cargo, rendering ZNS Cargo liable for the negligence of Safarmamadov.

### IV.   CAUSES OF ACTION

A.   *NEGLIGENCE*

9. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

10. At the time of the accident, Defendant Safarmamadov was operating his vehicle negligently. Defendant had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant breached that duty in one or more of the following ways:

11. A proximate cause of the above-referenced accident was the negligence and fault of Safarmamadov, as evidenced by the following non-exclusive list of particulars:

    a. Careless operation;

    b. Failure to see what he should have seen;

    c. Failure to keep a good and careful lookout;

    d. Failing to yield the right of way;

    e. Failure to maintain reasonable and proper control of the vehicle he was operating;

    f. Operating his vehicle in a careless, reckless and inattentive manner without regard for the safety of others;

    g. Violating the laws and ordinances of the City of Brownsville and/or State of Texas; and

    h. Any and all other acts of negligence which may be proven at trial.

12. A proximate cause of the above-referenced accident was the negligence and fault of ZNS Cargo, as evidenced by the following non-exclusive list of particulars:

    a. Negligent hiring of Safarmamadov;

    b. Negligent training of Safarmamadov;

    c. Negligent supervision of Safarmamadov;

    d. Negligent and inadequate maintenance, upkeep, and repair of the vehicle being driven by Safarmamadov; and

  e. Other acts of negligence which may be proven at trial.

B. **NEGLIGENCE PER SE**

13. Plaintiff realleges and incorporates by reference the paragraphs above.

14. Defendants' actions and omissions discussed herein are negligent as a matter of law. Defendant was cited with violating the Tex. Transp. Code §545.063. Specifically, Defendant Safarmamadov disregarded the dividing lines while entering the on ramp of SH 550, causing the collision.

15. The statutory guideline discussed herein is designed to protect the general public from the types of actions, omission, and/or injures discussed herein. Plaintiff belongs to the class of persons that the guideline is designed to protect and has suffered from the type of injuries that the statute is designed to protect. Defendants' actions and/or omissions, singularly or in combination with others, violated the statute and constitute negligence per se. They were without legal excuse and proximately caused Plaintiff's injuries.

C. **GENERAL, SPECIAL, AND EXEMPLARY DAMAGES**

16. Plaintiff realleges and incorporates by reference the paragraphs above.

17. Defendants' acts and/or omissions, individually and collectively, as they are described herein, proximately caused Plaintiff's damages.

18. In particular, as a result of the accident and Defendants' negligence, Gunter sustained severe and disabling injuries to her neck, lower back and other body parts, necessitating diagnostic testing, spinal injections and other treatment. Her treating physician has recommended neck and back surgeries as a result of the accident, and her future medial specials are estimated to be in excess of $900,000.00. Her past medical specials exceed

$28,000.00. which include past and future medical expenses, past and future pain and suffering, past and future mental anguish, physical impairment, and exemplary damages.

19. Defendants are liable and indebted unto Gunter for such damages as are reasonable in the premises, including but not limited to:

    a. Past, present and future physical pain and suffering;

    b. Past, present and future mental pain and suffering;

    c. Past, present and future medical expenses;

    d. Past, present and future loss of enjoyment of life;

    e. Past present and future lost wages and diminished earnings capacity; and,

    f. Any other damages to be proven at the trial of this matter.

20. Defendants' conduct was committed intentionally, knowingly, and with callous disregard of Plaintiff's legitimate rights.  In addition, Plaintiff's injuries and/or damages were a proximate cause of Defendants' gross negligence.  For the foregoing reasons, Plaintiff is entitled to and does seek exemplary damages from Defendants.

D. *VICARIOUS LIABILITY*

21. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

22. Defendant ZNS Cargo, Inc. ("Vicariously Liable Defendant") intentionally conferred authority on Defendant Safarmamadov or intentionally allowed him to believe he had authority or through lack of due care, allowed the agent to believe it had authority to operate the vehicle involved in this incident. Defendant Safarmamadov was acting within the scope of his agency when it caused the damages described herein.

23. Additionally, and/or in the alternative, Defendant Safarmamadov was an employee of the Vicariously Liable Defendant. Defendant Safarmamadov was acting within the scope of employment when he caused the damages described herein.

## V.   JURY DEMAND

24. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all issues in this matter.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Patricia Gunter, prays that the Defendants be duly cited and served with a copy of this Complaint; and after all due proceedings are had, there be judgment in her favor against Defendants, in amounts as are reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid in full, and for all costs of these proceedings.

Respectfully submitted,

**MARTINEZ/TIJERINA, PLLC**
1201 East Van Buren
Brownsville, Texas 78520
Tel:  956-550-4868
Fax: 956-621-0135

By: /s/ Tomas F. Tijerina
TOMAS F. TIJERINA
State Bar No. 24070746
Federal ID No. 1062166
E-mail: ttijerina@mbmtlawfirm.com
BENIGNO (TREY) MARTINEZ
State Bar No.  00797011
Federal ID No. 23945
E-mail: trey@mbmtlawfirm.com

**ATTORNEYS FOR PATRICIA GUNTER**